IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

WAYNE K. WARD,                          )
                                        )
      Plaintiff,                      )
                                        )
vs.                                     )          1:05-cv-00231-DRB
                                        )          [wo]
JO ANNE B. BARNHART,                    )
COMMISSIONER OF SOCIAL SECURITY,        )
                                        )
      Defendant.                      )

## MEMORANDUM OPINION AND ORDER

Following administrative denial of his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and supplemental security income under Title XVI, 42 U.S.C. §§ 1381 *et seq.*, Wayne K. Ward ("Ward") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. Because the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636 (c), and for reasons herein explained, the court concludes that the Commissioner's decision should be affirmed.

## I.   STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d 1420, 1422

(11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.   ADMINISTRATIVE FINDINGS

Ward, age 43 at the time of the hearing, has a sixth grade education.  Ward has not engaged in substantial gainful work activity since January 1, 2003.  Chronic back, neck, and stomach pains caused him to stop working at a lumber company in 1997 or 1998 .  The ALJ determined that Ward has status post right inguinal hernia repair, with prostatitis and genitofemoral neuropathy. Although he described these conditions as "severe" impairments, after  considering them individually and in

combination, he concluded that they did not meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Appendix 1 to Subpart P.  The ALJ deemed not fully credible Ward's allegations of pain and functional limitations.  Though finding Ward unable to perform his past relevant work, the ALJ determined that he retained the residual functional capacity ("RFC") to perform other work existing in significant numbers in the national economy.  Accordingly, the ALJ concluded that Ward is not disabled.[1]

## III.  ISSUES

Ward specifies three issues for this judicial review:[2]

1.    The Commissioner's decision should be reversed, because the ALJ erred in rejecting Mr. Ward's allegations of pain and did not properly apply the Eleventh Circuit's three-part pain standard as required.

2.    The Commissioner's decision should be reversed, because the ALJ erred in finding that Mr. Ward could do a significant range of sedentary work.

3.    The Commissioner's decision should be reversed, because the ALJ erred in his questioning of the vocational expert.

The first two issues challenge the ALJ's step-four assessment while the third issue involves the ALJ's step-five determination.

---

[1]R. 23, 28, 31-34.  The ALJ's disability analysis followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520 and summarized in *Phillips v. Barnhart*, 357 F. 3d 1232 (11th Cir. 2004).

[2]*See* Plaintiff's Brief in Support of Complaint ("*Pl. 's Br.*") at 10 (Doc. 11, filed July 29, 2005) *and* Order filed March 18, 2005 (Doc. 3)(directing Plaintiff to a brief in support of her claim(s) and to include in her brief a section titled "Statement of the Issues" which "shall state in a concise, and specific manner each issue which the plaintiff presents to the court for resolution").

## IV.  DISCUSSION

### A.    Application of Pain Standard and Credibility Determination

Ward claims reversible error in the ALJ's determination that his subjective complaints of pain and functional limitations were inconsistent with (1) his daily activities; (2) his workers' compensation litigation and settlement; (3) the lack of inpatient hospitalizations; (4) his ability to remember facts and answer questions at the administrative hearing; (5) his ability to drive a car; and (6) his statements to medical sources.[3]  The Commissioner responds that the ALJ properly applied the pain standard and comported with the applicable caselaw and regulations in assessing Ward's subjective complaints of pain and functional limitations.[4]   The court agrees.

### 1.   The Pain Standard

The Eleventh Circuit continues to adhere to the pain standard articulated in *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991):

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1)  evidence of an underlying medical condition; and *either* (a) objective medical evidence confirming the severity of the alleged pain;  *or* (b) that the objectively determined medical condition  can reasonably be expected to give rise to the claimed  pain.

*Dyer v. Barnhart,* 395 F. 3d 1206, 1210 (11th Cir. 2005); *Wilson v.  Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *Elam v. Railroad Retirement Board,* 921 F.2d 1210, 1216 (11th Cir. 1991).  A disability finding may be grounded solely on a claimant's subjective testimony supported by medical evidence

---

[3]*Pl.'s Br.* at 11-12. Ward does not challenge the ALJ's other articulated reasons for discrediting his subjective complaints of disabling pain and functional limitations.

[4]Memorandum in Support of the Commissioner's Decision ("*Def.'s Br.*") at 5 (Doc. 12, filed August19, 2005).

that satisfies the pain standard. *Foote v. Chater*, 67 F. 3d 1553, 1561 (11ᵗʰ Cir. 1995).

If a claimant testifies as to his subjective complaints of disabling pain and other symptoms, the ALJ must articulate explicit and adequate reasons for discrediting the claimant's allegations. *Dyer*, 395 F. 3d at 1210.    Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true. *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11ᵗʰ Cir. 1988). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *See Marbury v. Sullivan*, 957 F. 2d 837, 839 (11ᵗʰ Cir. 1992); *Hale v. Bowman*, 831 F.2d 1007, 1012 (11th Cir. 1987); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986); *see also Moore v. Barnhart,* 405 F. 3d 1208 (11ᵗʰ Cir. 2005)(credibility determinations are for the ALJ).

_____ **2.**      *Analysis: ALJ's Credibility Assessment*

The ALJ recited properly his duty to assess the claimant's RFC by considering the claimant's subjective complaints, including those regarding pain, in accordance with 20 CFR §§404.1529 and 416.929, Social Security Ruling 96-7p, and applicable Eleventh Circuit case law. He considered Ward's subjective allegations of disabling pain and other symptoms and found them not wholly credible.[5]

With respect to the ALJ's finding of inconsistencies between his daily activities and his subjective complaints, Ward argues *first* that it takes him longer to take care of his personal needs, and *next* that he requires assistance from his family. The record establishes that Ward is able to take care of his personal needs, with breaks and assistance from his wife and children. Ward has a driver's

---

[5]R.30-31.

5

license and can drive short distances.[6]  While the ALJ may not deny disability benefits based solely upon a claimant's ability to perform minimal daily activities, *see Lewis v. Callahan*, 125 3d 1436, 1441 (11th Cir. 1997), it is unquestioned that he may consider a claimant's daily activities.  20 C.F.R. §404.1529; Social Security Ruling 96-7p; *see also Macia v. Bowen*, 829 F. 2d 1009, 1012 (11th Cir. 1987); *McCray v. Massanari*, 175 F. Supp. 2d 1329, 1337-38 (M.D.Ala. 2001).

In discrediting Ward's subjective allegations of pain and functional limitations, the ALJ noted that Ward "settled his  worker's compensation application for only $35,000.00 with no future medical expenses to be covered by his worker's compensation carrier" and "prior to the settlement . . . had received only $6,571.80 in temporary total benefits and $21,573.67 in medical expense payments."[7]    Ward objects to the ALJ's consideration of these facts because the worker's compensation benefits and settlement proceeds also "could be attributed to various things other than his lack of impairment." [8]   In the Commissioner's view, the settlement  "suggests that [Ward] did not anticipate much future need for benefits, i.e., that he would return to some type of gainful employment,"[9] Neither view is unreasonable, but the court need not rest review on this single consideration as the ALJ articulated several other reasons for his credibility determination, and they are sufficiently undergirded by substantial evidence.

Ward also takes issue with three other factors considered by the ALJ:  his lack of  inpatient hospitalizations following the repair of his hernia;  his ability – notwithstanding alleged impairments

---

[6]*Pl.'s Br.* at 11; R. 120-125, 362, 366.

[7]R. 30.

[8]*Pl.'s Br.* at 30.

[9]*Def.'s Br.* at 5.

and symptoms – to answer questions and remember facts during the hearing, and his ability to drive. In weighing a claimant's credibility, an ALJ is entitled to consider the nature of any medical treatment. *See* 20 C.F.R. §404.1529; *Watson v. Heckler*, 738 F. 2d 1169, 1173 (11th Cir. 1984) (ALJ properly considered claimant's failure to seek treatment as a factor inconsistent with claimant's pain testimony.); *Riley v. Massanari*, 139 F. Supp. 2d 1293, 1297-1298 (M.D. Ala. 2001) (ALJ properly considered the lack of any follow-up treatment and claimant's sole use of over the counter medications in making credibility determination). The ALJ properly considered Ward's general demeanor at the hearing  but did not base his credibility decision solely on those observations. Though it may not be a dispositive consideration,  it is not inappropriate for the ALJ to consider a claimant's appearance and demeanor during a hearing as a factor bearing on credibility. *Macia v. Bowen*, 829 F.2d 1009, 1011 (11th Cir. 1987); *Norris v. Heckler*, 760 F.2d 1154, 1157-58 (11th Cir. 1985).

Regarding Ward's reported levels of pain, the ALJ described inconsistencies between Ward's testimony and his reports to physicians:

> Some of his own statements do not substantiate his complaint of chronic debilitating pain. For instance, after taking ibuprofen at Dr. Skinner's request, the claimant reported a marked improvement in his pain level.  In August 2002 and September 2002, the claimant told Dr. Marsella that his pain level was only "3/10," which is reflective more of mild discomfort rather than pain that requires immediate medical attention. [10]

Ward complains that not being in " severe pain 24 hours a day" does not undermine the debilitating

---

[10]R. 30;  *See* R. 160, 224, 234.

nature of the pain actually suffered, and the court cannot disagree;  the record does not demonstrate, however, that the ALJ used "severe pain 24 hours a day" as a benchmark to evaluate whether Ward suffered disabling pain.  Instead, the record buttresses the ALJ's conclusion that the allegation of disabling pain is inconsistent with Ward's reports to his treating physicians. [11]

The ALJ's credibility analysis underscored these additional reports by Ward to his treating urologist, Dr. Peacock:

> The claimant has attributed up to two-thirds of his pain and other symptoms to bacterial prostatitis, which is an infection and can be addressed with appropriate drugs.  In August 2003, the claimant told Dr. Peacock that his pain was exacerbated only when he did <u>heavy</u> lifting or straining, thus inferring that he could perform physical activities at a lesser exertion level without exacerbating his pain. (emphasis in original) [12]

Dr. Peacock's records confirm the improvement in Ward's pain and its aggravation only with heavy exertions:

> All in all [Ward] is much better off than he was before. [He] do[es] not know how much more [he] can help him with regards to his mild right inguinal pain but [Ward] states it certainly is not as bad as it was and only aggravates him now when he does heavy lifting or straining. [13]

Ward is plainly wrong in attributing to the ALJ a failure to apply the requisite pain standard in evaluating his subjective allegations of pain.  In arguing for such error, Ward attempts merely to weigh the evidence and draw his own conclusions about the effects of physical activity on his

---

[11] *See* R. 212, 218, 238, 243 (treatment records from Southwest Pain Management Center) and R. 207, 224, 234 (Ward's reported pain levels).

[12] R. 30.

[13] R. 287-289.

pains and the extent of his pain treatment.    For his conclusion that "[t]he totality of the medical evidence . . . does not fully corroborate the claimant's symptom allegations," the ALJ  cited evidentiary facts which are unchallenged and material:    (1) Ward's release to light work by Dr. Skinner in January 2001; (2) Ward's report to Dr. Marsella that he could still lift 50 pounds and occasionally carry 50 pounds; (3) Ward's exertional capabilities reported in his Disability Report; (4) Dr. Peacock's limitation on Ward's activities only during exacerbation of prostatitis; (5) unremarkable results on a July 2003 x-ray and a November 2003 CT; (6) absence of any recurrence of hernia; (7) physical  findings by Dr. Watson; (8) consistency between the November 2002 functional capacity evaluation and ALJ's determination that Ward retains RFC for sedentary work; (9) absence of nerve conduction studies and treating doctors' reliance on physical exam findings to document Ward's genitofemoral neuropathy; and (10) absence of chronic swelling in extremities, no significant decrease in range of motion over a longitudinal period of time, normal motor strength and intact neurological findings except for findings related to decreased right leg sensation.[14]   That the ALJ may consider the medical evidence in the record is unquestioned.  *See* 20 C.F.R. §1529; SSR No. 96-7p.

Regarding Ward's complaints of drowsiness and lack of concentration as side effects of his prescribed medication,[15] the ALJ properly concluded that they lacked support in the medical record. *See e.g., Swindle v. Sullivan,* 914 F. 2d 222, 226 (11th Cir. 1990) (finding substantial evidence supports ALJ's determination  that side effects of medication did not present significant problems where the

---

[14]R. 30-31. *See e.g.*, R. 160, 182-201, 248, 277, 294, 312, 331.

[15]R. 362-63.

claimant testified that her medication may be causing headaches, but the record disclose any such concerns by treating or examining doctors); *French v. Massanari*, 152 F. Supp. 2d 1329, 1337-38 (M.D. Fla. 2001) (finding ALJ did not have a duty to develop record on whether side effects of claimant's medication contributed to his disability where only evidence in record is claimant's testimony that his pain medication makes him "groggy").

In sum, Ward can disagree with how the ALJ weighed the relevant evidence, but the court cannot re-weigh the evidence. *Sewell v. Bowen*, 792 F. 2d 1065, 1067 (11th Cir. 1986); *McCray*, 175 F. Supp. 2d at 1338. Nor can the court decide the facts anew or substitute its judgment for that of the ALJ. *See Phillips v. Barnhart*, 357 F. 3d 1232, 1240 n. 8 (11th Cir. 2004). Because substantial evidence supports the ALJ's credibility determination, remand is not warranted. *See Marbury v. Sullivan*, 957 F. 2d 837, 839 (11th Cir. 1992).

### B.    Assessment of RFC for Sedentary Work

Ward challenges the ALJ's conclusion that he retained the RFC to perform sedentary work[16] because the ALJ failed to take into account: (a) his positional limitations, including his inability to sit or stand for more than a few minutes at a time and his need to lie down frequently to relieve pain and (b) his inability to concentrate due to severe pain, depression, and side effects of narcotic

---

[16]Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. *See* 20 C.F.R. §404.1567(a). Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday. Work processes in specific jobs will dictate how often and how long a person will need to be on his or her feet to obtain or return small articles. *See* SSR 83-10.

medication.[17]    The Commissioner contends that the ALJ's RFC assessment is supported by substantial evidence because: (1) no physician corroborated Ward's positional limitations and (2) Dr. McClanahan opined that Ward could perform sedentary work.[18]  The Commissioner does not address Ward's claimed error grounded on his inability to concentrate.  However, all of Ward's contentions merit short shrift on this evidentiary record.

As discussed *supra*, the ALJ properly considered Ward's allegations of pain and functional limitations, including any positional limitations and the need to lie down and side effects of medication, and found them not fully credible.  Represented by counsel,  Ward did not provide the ALJ with any probative testimony or other evidentiary basis for the ALJ's consideration of his inability to concentrate due to depression.  Ward did not ground his disability on any mental impairment, an evidentiary fact noted by the ALJ; consequently, remand is not warranted on this claimed error.[19]

---

[17]*Pl.'s Br.* at 14.

[18]*Def.'s Br.* at 8.

[19]R. 28.  *See* 20 C.F.R. §404.1512(a)("In general, you have to prove to us that you are ... disabled. Therefore, you must bring to our attention everything that shows that you are... disabled."); *McCray v. Massanari*, 175 F. Supp. 2d 1329, 1336 (M.D. Ala. 2001)(substantial evidence supports ALJ's finding of no disability despite ALJ's failure "to discuss [claimant's] complaints of chronic back pain, [where] there is  scant medical evidence to support the complaint...[and the claimant] did not indicate at the hearing that his claims of disability were premised on back pain or that he had functional limitations therefrom."); *Street v. Barnhart*, No. 04-15077, 2005 U.S. App. LEXIS 8938, **15-**18 (11th Cir. May 18, 2005)(finding no error in ALJ's failure to discuss severity of diagnosed mental  impairment where claimant, represented by counsel, failed to list any mental impairment in his application for benefits, nor did he testify at the hearing that he suffered from any mental impairments that would prevent him from working).

C.        **Vocational Expert Testimony**

After vocational expert ("VE") Clyde Mims testified that Ward could not return to his past

relevant work, the ALJ posited additional hypotheticals to ascertain whether Ward could perform

other work existing in significant numbers in the national economy.   Ward contends that the ALJ

posed to the VE an incomplete hypothetical question because it omitted limitations imposed by his

(a) moderate to moderately severe pain and (b) depression.[20]   The Commissioner responds that "the

hypothetical included those impairments the ALJ found credible, and excluded those he discredited

for legally sufficient reasons." Thus, by using the VE's testimony, the Commissioner met its step- five

burden to show a significant number of jobs in the national economy that Ward could perform.[21]

The Commissioner is correct, and this claimed error does not warrant any detailed analysis.

The parties do not dispute the controlling law:   "In order for a VE's testimony to constitute

substantial evidence,  the ALJ must pose  a hypothetical question to the VE  that comprises all of

the claimant's impairments and limitations." *Phillips v. Barnhart*, 357 F. 3d 1232, 1240 n. 7 (11th Cir.

2004); *Wilson v. Barnhart*, 284 F. 3d 1219, 1227 (11th Cir. 2002).

Contrary to Ward's contention,  it is not clear on this record that he suffers from "chronic

pain that averages from moderate to moderately severe."   As discussed  *supra*, the ALJ properly

considered Ward's subjective complaints of pain and functional limitations and deemed them not

fully credible.   Ward failed to provide any probative testimony or other evidence for the ALJ to

consider any functional limitations as a result of depression.   He neither grounded his disability

---

[20]*Pl.'s Br.* at 14-15.

[21]*Def.'s Br.* at 9-10.

12

application on any mental impairment nor specified any error in the ALJ's step-two determination that he does not have a severe mental impairment.  Thus, the ALJ committed no error in excluding from his hypothetical any reference to mental limitations.

## V.   CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's non-disability determination is supported by substantial evidence and proper application of the law.  It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED.**   A separate judgment is entered herewith.

Done this 14th day of July, 2006.


/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE